**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (48522)
ak@kazlg.com
Matthew M. Loker, Esq. (52412)
ml@kazlg.com
1303 East Grand Avenue, Suite 101
Arroyo Grande, CA 93420
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (49422)
josh@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Kaylyn Alcantara

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **KAYLYN ALCANTARA, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,**<br><br>Plaintiff,<br><br>v.<br><br>**NEUTRON HOLDINGS, INC. d/b/a LIMEBIKE,**<br><br>Defendant. | **Case No.:**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

///

///

///

**PLAINTIFF KAYLYN ALCANTARA'S CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.***

# I.  INTRODUCTION

1.1   <u>Nature of the Case.</u> Plaintiff brings this action individually and on behalf of all others similarly situated seeking damages and any other available legal or equitable remedies resulting from the illegal actions of NEUTRON HOLDINGS, INC. d/b/a LIMEBIKE ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff and on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47. U.S.C. § 227 *et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

# II. JURISDICTION & VENUE

2.1   <u>Subject Matter Jurisdiction.</u> Jurisdiction is proper as Plaintiff seeks redress under a federal statute, thus this Court has jurisdiction as this matter involves questions of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

2.3   <u>Personal Jurisdiction.</u> This Court has personal jurisdiction over Defendant because Defendant does business in Washington State and many of the wrongful acts alleged in this Complaint were committed in Washington State.

2.4   <u>Venue.</u> Venue is proper in the United States District Court for the Western District of Washington pursuant to 18 U.S.C. 1391(b) and 18 U.S.C. § 1441(a) because Defendant does business within the state of Washington and the Western District of Washington and Plaintiff resides within this district.

# III. PARTIES

3.1   Plaintiff, KAYLYN ALCANTARA ("Plaintiff"), is a natural person residing in King County, Washington and is a "person" as defined by 47 U.S.C. § 153 (39).

3.2   Defendant, LIMEBIKE ("Defendant"), bicycle sharing corporation with its state of incorporation in Delaware and its corporate headquarters in the State of California and is a "person" as defined by 47 U.S.C. § 153 (39).

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

# IV. THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *ET SEQ.*

4.1    In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices.

4.2    The TCPA makes it unlawful for any person to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States. *See* 47 U.S.C. § 227(b)(1)(A)(iii).

## V. FACTUAL ALLEGATIONS

5.1    During the months of August and September of 2017, Defendant sent automated text messages to Plaintiff's cellular telephone which Plaintiff has possessed exclusively.

5.2    Defendant sent its text messages to Plaintiff's cellular telephone from telephone number (877) 772-7050.

5.3    The purpose of Defendant's texts was to solicit business for LimeBike and to advertise special deals and promotions.

5.4    Defendant sent such automated solicitation texts to Plaintiff's cellular telephone on at least the following days: August 18, 2017, at 12:43 p.m. PST; August 18 2017, at 5:02 p.m. PST; and September 9, 2017, at 11:41 a.m. PST.

5.5    Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit business by way of providing Plaintiff with promotions.

5.6    This communication constitutes a "telephone solicitation" as that term is defined by 47 U.S.C. § 227(a)(4).

///

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

5.7     The toll-free number used by Defendant to send the text messages, coupled with the fact that Defendant's text messages were addressed to "Seattle LimeBikers" is indicative of the use of an automatic telephone dialing system.

5.8     Defendant's text messages constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

5.9     Defendant's text messages were placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

5.10    Plaintiff never consented to receive text messages using an automatic telephone dialing system because at no point did Plaintiff "opt in" or check a box indicated Plaintiff's consent to be so contacted.

5.11    Additionally, Plaintiff had no way stop the communications by way of an "opt out" or an option to reply with "STOP" in order to cease text message communications.

5.12    Accordingly, Defendant did not have Plaintiff's "prior express consent" to receive text messages using an automatic telephone dialing system on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

## VI. CLASS ALLEGATIONS

6.1     Plaintiff brings this action on behalf of herself and all others similarly situated, as a member of the proposed class (hereafter "The Class") defined as follows:

> All persons within the United States who received any text message from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint.

///

///

///

**PLAINTIFF KAYLYN ALCANTARA'S CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.***

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

6.2    Plaintiff represents, and is a member of, The Class, consisting of All persons within the United States who received any text message from Defendant or Defendant's agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of this Complaint.

6.3    Defendant, its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes the Class members number in the thousands, if not more.  Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

6.4    The Class is so numerous that the individual joinder of all of its members is impractical.  While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The Class includes thousands of members.  Plaintiff alleges that The Class members may be ascertained by the records maintained by Defendant.

6.5    Plaintiff and members of The Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and Class members.

6.6    Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class.  These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

a.   Whether, within the four years prior to the filing of this Complaint, Defendant sent any text message (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

b.   Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c.   Whether Defendant should be enjoined from engaging in such conduct in the future.

6.7   As a person that received text messages from Defendant using an automatic telephone dialing system, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The Class.

6.8   Plaintiff will fairly and adequately protect the interests of the members of The Class.   Plaintiff has retained attorneys experienced in the prosecution of class actions.

6.9   A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

///

**PLAINTIFF KAYLYN ALCANTARA'S CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.***

6.10   The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

6.11   Defendant has acted or refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

## VII. FIRST CAUSE OF ACTION

### Negligent Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 *et seq.*

7.1   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1.1 through 6.11.

7.2   The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

7.3   As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

7.4   Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## VIII. SECOND CAUSE OF ACTION

### Knowing and/or Willful Violations of the Telephone Consumer Protection Act

### 47 U.S.C. §227 *et seq.*

8.1   Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1.1 through 6.11.

///

**PLAINTIFF KAYLYN ALCANTARA'S CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.***

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

8.2    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 *et seq.*

8.3    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

8.4    Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

### FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 *et seq.***

- As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

///
///
///
///
///
///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 *et seq.***

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).
- Injunctive relief.
- Any and all other relief that the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Date: February 7, 2018                    KAZEROUNI LAW GROUP, APC

                                  By:  /s/ Abbas Kazerounian
                                       ABBAS KAZEROUNIAN
                                       ATTORNEY FOR PLAINTIFF

KAZEROUNI LAW GROUP, APC
1303 EAST GRAND AVE, STE 101
ARROYO GRANDE, CA 93420

**PLAINTIFF KAYLYN ALCANTARA'S CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227, *ET SEQ.***